**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                           CRIMINAL ACTION NO.   5:13-cr-00107

THOMAS WILLIAM DYER, JR.,

        Defendant.

**ORDER**

On the 13th day of June, 2013, came the Defendant, Thomas William Dyer, Jr., in person and by counsel, Thomas Rist, and also came the United States by Joshua Hanks, Assistant United States Attorney, for hearing on the United States' Motion to Revoke Order of Release (Document 14), wherein the United States requested review of the release order entered by Magistrate Judge VanDervort on June 10, 2013.

The Defendant is charged in a five-count indictment with distribution of a quantity of hydromorphone, in violation of 21 U.S.C. § 841(a)(1) (counts one and two), distribution of a quantity of oxycodone, in violation of 21 U.S.C. § 841(a)(1) (count three), possession with the intent to distribute a quantity of oxycodone, in violation of 21 U.S.C. § 841(a)(1) (count four) and use and carry of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count five).   On June 10, 2013, Magistrate Judge VanDervort found that although the evidence presented by the United States was "very strong" and that the likelihood of a successful prosecution was high, the release of Defendant Dyer was warranted by his age, years of

responsible and productive living and relatively minor criminal history[.]"   (Document 9).

Magistrate Judge VanDervort found that the presumption under 18 U.S.C. § 3142, that no

condition or combination of conditions of bond would reasonably assure Defendant's appearance

at further Court proceedings and the safety of the community, was rebutted.   Magistrate Judge

VanDervort released Defendant Dyer to reside with his parents in Columbus, Ohio.   At the

request of the Government, this Order was stayed while the United States considered whether or

not to contest it.   The following day, the United States sought an appeal of the release order, and

this Court scheduled the matter for hearing.

When a party seeks review of a magistrate judge's order releasing or detaining a defendant,

the Court must conduct a *de novo* review.   18 U.S.C. § 3145(b); *United States v. Clark*, 865 F.2d

1433, 1436 (4th Cir. 1989); *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985).   The

Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq*, (hereinafter "the Act"), provides that a

defendant shall be detained, after a hearing, only if a judicial officer finds that "no condition or

combination of conditions will reasonably assure the appearance of the person as required and the

safety of any other person and the community[.]"   18 U.S.C. § 3142(e)(1).   In making this

determination, the judicial officer shall take into account the available information concerning the

following factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense

charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the

person; and (4) the nature and seriousness of the danger to any person or the community that would

be posed by the person's release.   "For pretrial detention to be imposed on a defendant, the lack of

reasonable assurance of either the defendant's appearance or the safety of others or the

community, is sufficient; both are not required."   *United States v. Stewart*, 19 F.App'x 46, 48 (4th

Cir.2001) (citation omitted.).   Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention.   *United States v. Salerno*, 481 U.S. 739, 755 (1987).

In order to obtain a detention order, the Government must demonstrate (1) by clear and convincing evidence that "no conditions other than detention will reasonably assure the safety of any other person and the community," *United States v. Simms,* 128 F.App'x 314, 315 (4th Cir. 2005) (citing 18 U.S.C. § 3142(f)(2)); *see also United States v. Westbrook*, 780 F.2d 1185, 1188-89 (5th Cir. 1986) (The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance."); or (2) by a preponderance of the evidence that detention is necessary to reasonably assure the appearance of the defendant at future court proceedings. *United States v. Stewart,* 19 F.App'x at 48. Additionally, pursuant to 18 U.S.C. § 3142(e)(3), if probable cause exists to believe that a defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions exist which would reasonably assure the appearance of the person as required and the safety of the community.

The Court has considered the factors enumerated at Section 3142(g) of the Act and the evidence and argument presented at the June 13, 2013 hearing.   In so doing, the Court has considered the nature of the charges, which include offenses for which the maximum term of imprisonment is ten years or more under the Controlled Substances Act, which, in turn, invokes the rebuttable presumption for detention; the number of firearms found in Defendant Dyer's possession at the time of his arrest, two of which may have been stolen and one or more of which may have been loaded; the 300 pills including oxycodone and hydromorphone found in his clothing; the quantity of money found on his person and in his vehicle; the evidence that

3

prescription pills were sold by others at this Defendant's direction; and his presence at a residence that officers found to be a prominent spot for distribution of controlled substances. The Court also considered that the evidence against this Defendant is strong given that the Government's witness, the investigating officer, testified that a confidential informant purchased controlled substances from the Defendant, the controlled transactions were recorded by audio and/or video technology, and Defendant was found in possession of pre-recorded money.  The investigating officer also testified that he has obtained a statement from an individual who admitted to selling drugs for this Defendant.   Further, the Court considered that Defendant Dyer's prior criminal history consists of a 1975 conviction for petit larceny, he suffers from no mental disease, and although he has family and other ties in the State of Ohio, he has no ties to the Southern District of West Virginia. Finally, the Court has considered the nature and seriousness of the danger to any person or to the community that would be posed by Defendant Dyer's release.   The Court finds that although no evidence indicates the Defendant is a danger to a specific person, the evidence indicates he is a danger to the community inasmuch as he is an armed drug dealer.   After careful consideration of the foregoing, and for the reasons more fully set forth on the record, the Court **FINDS** that each of the charges contained in the indictment carry the presumption under 18 U.S.C. 3142, and said presumption has not been rebutted.  Further, the Court finds there is clear and convincing evidence that no condition or combination of conditions established by the record will reasonably assure the safety of the community and the Defendant's appearance, as required, in future court proceedings.

Therefore, the Court **ORDERS** that the United States' Motion to Revoke Order of Release (Document 14) be **GRANTED**.   Defendant Dyer is remanded to the custody of the United States Marshal.   The Court **DIRECTS** that Defendant Dyer be afforded reasonable opportunity to

consult privately with his counsel and that the person in charge of the facility in which Defendant is confined deliver him to the United States Marshal for purpose of appearance before the Court in this matter.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:   June 13, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

5